Mark L. Smith (#213829)
msmith@smithwashburn.com
Jacob L. Fonnesbeck (#304954)
jfonnesbeck@smithwashburn.com
**SMITH WASHBURN, LLP**
500 South Grand Avenue, Suite 1450
Los Angeles, CA 90071
Telephone:  (213) 418-2390
Facsimile:   (213) 418-2399

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation; and CLOVER8 INVESTMENTS PTE. LTD., a Singapore Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>LUXY LIMITED, a Chinese corporation;<br><br>Defendant. | Case No. 2:20-cv-00423<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION AND FALSE ADVERTISING; UNFAIR COMPETITION; and COPYRIGHT INFRINGEMENT COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Reflex Media, Inc. (*"Reflex Media"*) and Clover8 Investments PTE LTD. (*"Clover8"* and together with Reflex Media, *"Plaintiffs"*) hereby complain against Defendant, Luxy Limited (*"Defendant"* or *"Luxy Limited"*), and alleges as follows:

## INTRODUCTION

1. Luxy Limited is engaged in a scheme to defraud the public and utilize Plaintiffs' well-known brand names, goodwill, and trademarks—which Plaintiffs have spent over a decade and substantial resources to develop—to gain association with Plaintiffs and divert customers to its website, mobile dating application, products, and services.

2. Plaintiff Reflex Media operates www.Seeking.com and

**COMPLAINT**
**CASE NO. 2:20-CV-00423 PAGE 1**

www.SeekingArrangement.com[1], a leading online dating website and its Seeking mobile application[2] (hereinafter sometimes collectively referred to as "Seeking Arrangement").

3. Seeking Arrangement is the result of substantial investment, innovative sales and marketing techniques, and ethical business practices that distinguish Plaintiffs from their competitors.

4. Plaintiffs own the trademarks to several terms that customers identify as originating from the Plaintiffs brands and services, some of which are "Seeking Millionaire," "Seeking Arrangement," "Seeking," "Carrot Dating," and "What's your Price."

5. Defendant owns and/or operates the competing mobile application **"LuxyApp,"** and website www.OnLuxy.com (the **"Luxy Website"** and together with LuxyApp, hereinafter referred to as **"Luxy"**) which is a competitor of Seeking Arrangement.

6. Defendant, in a deliberate attempt to profit illicitly from Plaintiffs' work, goodwill, and trademarks, has used the Plaintiffs trademarks in conjunction with their goods and services.

7. Specifically, Defendant has used the phrase "Seeking Millionaire," in conjunction with "Online Arrangement" as metatags on the Luxy Website.

8. The Defendant has used "SA" in the description of its online dating services, and has copied Reflex Media's proprietary online polices and terms of use to confuse consumers, who may perceive that Defendant's goods and services are the same as those of Plaintiffs, and/or that Defendant's goods and services are somehow associated, affiliated, connected, approved, authorized or sponsored by Plaintiffs or Seeking Arrangement.

9. This is no mistake; Defendant has also used the phrases "Seeking Arrangement," "Seeking Millionaire," "Seeking," "Carrot Dating," and "What's your

---

[1] www.Seeking.com now assumes all internet traffic from www.SeekingArrangement.com
[2] Plaintiffs' mobile application previously operated under the name Seeking Arrangement.

Price" as search terms to steer customers to download the LuxyApp on both Apple's Appstore and the Google Play Store.

10. This is precisely the type of harm U.S. trademark and copyright law is designed to prevent. Therefore, Plaintiffs have been forced to bring this lawsuit to end Defendant's illegal operations and unethical business practices.

## PARTIES

11. Plaintiff Reflex Media is, and at all material times thereto was, a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Among other things, Reflex Media operates several online dating websites and dating mobile applications (commonly known as "***Apps***").

12. Plaintiff Clover8 is, and at all material times hereto was, a corporation duly organized and existing under the laws of Singapore. As indicated below, Clover8 is the registered owner of several federally registered trademarks that are used by Reflex Media in conjunction with the operation of the Reflex Websites.

13. Upon information and belief, Defendant Luxy Limited is a Chinese corporation based in Hong Kong with operations in the United States, including Los Angeles, California.

## JURISDICTION AND VENUE

14. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, the federal copyright statute (17 U.S.C. §501), the federal Copyright Act (17 U.S.C. §§ 101 *et seq.*), and under the statutes of the State of California. This Court has subject matter jurisdiction over the federal trademark, copyright and unfair competition claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.

15. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, where said claims are integrally interrelated with the federal questions and arise from a common nucleus of operative facts such that supplemental review furthers the interest of judicial economy.

16. Personal jurisdiction exists over Defendant Luxy Limited because Luxy

Limited's website WWW.ONLUXY.COM contains language stating that the information Defendant Luxy collects is governed by U.S. law. Defendant Luxy Limited's headquarters are purportedly in Los Angeles, California and it has advertised the same on its social media accounts (*see* https://www.youtube.com/watch?v=uYMi_9gKwhA), has deliberately targeted its application, website, and business at the residents of California, transacts business with those residents through its website and mobile application, which it distributes through two California companies (Apple Inc. and Google LLC) and uses a California public relations firm to promote its business, and otherwise avails itself of the privilege of doing business in California. Defendant Luxy Limited has also used the trademark and copyrights in question in advertising and commerce in the United States.

17. Furthermore, to the extent no other basis for personal jurisdiction exists with respect to Defendant Luxy Limited, such jurisdiction is appropriate to Federal Rule of Civil Procedure 4(k)(2), in that if the Defendant is not otherwise subject to personal jurisdiction in the Central District of California they would not be subject to jurisdiction in any state's court of general jurisdiction, and the exercise of jurisdiction would be consistent with the laws and Constitution of the United States.

18. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2)–(3) because a substantial part of the events giving rise to the claims set forth herein occurred in this judicial district and, as set forth above, Defendant Luxy Limited is subject to personal jurisdiction before this Court.

## GENERAL ALLEGATIONS

### Clover8 Has Obtained Federal Registration and, in some cases, Incontestable Legal Protection for Trademarks Associated with Seeking Arrangement

19. Since 2006, Reflex Media and its predecessor in interest, InfoStream Group, Inc. ("InfoStream") have used the mark, SEEKING ARRANGEMENT, in commerce and in connection with its online dating services available on Seeking Arrangement.

20. On May 29, 2007, InfoStream applied for its first federal registration of the SEEKING ARRANGEMENT mark. United States Trademark Registration No. 3,377,772 was issued on February 5, 2008. A copy of Registration No. 3,377,722 is attached hereto as **Exhibit 1**. On, or about, November 30, 2013, the SEEKING ARRANGEMENT mark became incontestable.

21. On October 3, 2013, InfoStream applied for its second federal registration of the SEEKING ARRANGEMENT mark. United States Trademark Registration No. 4,537,157 was issued on May 27, 2014. A copy of Registration No. 4,537,157 is attached hereto as **Exhibit 2**.

22. On August 17, 2009, InfoStream applied for federal registration of the SEEKING MILLIONAIRE mark. United States Trademark Registration No. 3,767,229 was issued on March 30, 2010. A copy of Registration No. 3,767,229 is attached hereto as **Exhibit 3**. On, or about, June 9, 2016, the SEEKING MILLIONAIRE mark became incontestable.

23. On February 4, 2011, InfoStream applied for federal registration of the WHATS YOUR PRICE mark. United States Trademark Registration No. 4,155,033 was issued on June 5, 2012. A copy of Registration No. 4,155,033 is attached hereto as **Exhibit 4**. On, or about, May 18, 2018, the WHATS YOUR PRICE mark became incontestable.

24. On October 18, 2013, InfoStream applied for federal registration of the CARROT DATING mark. United States Trademark Registration No. 4,551,094 was issued on June 17, 2014. A copy of Registration No. 4,551,094 is attached hereto as **Exhibit 5**.

25. In or about March 2015, as part of a corporate restructuring, Clover8 became the registered owner of the SEEKING MILLIONAIRE, CARROT DATING, WHATS YOUR PRICE and both SEEKING ARRANGEMENT marks.

26. On July 19, 2016, Clover8 applied for federal registration of the SA mark. United States Trademark Registration No. 5,177,902 was issued on April 4, 2017. A copy of Registration No. 5,177,902 is attached hereto as **Exhibit 6**.

27. On October 24, 2016, Clover8 applied for federal registration of the

SEEKINGARRANGEMENT.COM mark. United States Trademark Registration No. 5,357,872 was issued on December 19, 2017. A copy of Registration No. 5,357,872 is attached hereto as **Exhibit 7**.

28. On March 22, 2018, Clover8 applied for federal registration of the SEEKING.COM mark. United States Trademark Registration No. 5,580,788 was issued on October 9, 2018. A copy of Registration No. 5,580,788 is attached hereto as **Exhibit 8**.

29. On Mar. 02, 2018, Clover8 applied for federal registration of the first SEEKING mark. United States Trademark Registration No. 5,580,039 was issued on October 9, 2018. A copy of Registration No 5,580,039 is attached hereto as **Exhibit 9**.

30. On May 25, 2018, Clover8 applied for federal registration of the second SEEKING mark. United States Trademark Registration No. 5,608,773 was issued on November 13, 2018. A copy of Registration No. 5,608,773 is attached hereto as **Exhibit 10**.

31. The SEEKINGARRANGEMENT.COM, SEEKING.COM, CARROT DATING, SEEKING MILLIONAIRE, SA, WHATS YOUR PRICE and both sets of the SEEKING ARRANGEMENT and SEEKING marks are sometimes collectively referred to herein as the **"Trademarks"**. Reflex Media holds an exclusive, worldwide license to use the Trademarks.

32. Plaintiffs have invested substantial resources to promote and establish the look and feel of its website and mobile applications, and to promote the Trademarks in the market. Indeed, Reflex Media and its predecessor have used the Trademarks in radio, print, and online advertisements. In addition, Reflex Media uses the Trademarks as metatags and keywords on Internet search engines as part of its search engine optimization strategy.

33. As a result of their efforts, the Trademarks have become uniquely associated with Seeking Arrangement (i.e. acquired secondary meaning) and the high-quality products and services that Reflex Media provides.

34. In addition to its own advertising, Seeking Arrangement has, for many years, attracted the attention of numerous media outlets, including: Time, Forbes, The Atlantic,

ABC News, CNN, MSNBC, The San Francisco Chronicle, and Fox News Channel.

35. This level of attention from prominent, national, and worldwide media outlets has raised the public consciousness about the association between the Trademarks and Seeking Arrangement.

### DEFENDANT LUXY'S TRADEMARK PROGRAM

36. Defendant has worked in several ways to infringe and profit from Plaintiffs' intellectual property rights.

37. Defendant Luxy Limited owns and operates the mobile application "LuxyApp" and OnLuxy.com, a dating application and website that competes with Plaintiffs' Seeking Arrangement mobile application and website.

38. From the launch of the Luxy Website in 2014 until now, Defendant has used Plaintiffs' Trademark, SEEKING MILLIONAIRE, as a metatag on its website to direct consumers who searched for "Seeking" and/or "Seeking Millionaire" to its website to sell consumers its competing products and services, including products and services offered though the LuxyApp.

39. In fact, Defendant used the metatags "seeking millionaire" and "online arrangement," to direct consumers who searched for "Seeking," "Seeking Millionaire," and/or "Seeking Arrangement" to the Luxy Website and LuxyApp.

40. Using metatags to benefit from Plaintiff's Trademarks was not a mistake. Defendant also uses "the league" as a metatag on its website. The League is a popular dating app and registered trademark of The League App, Inc.

41. In fact, using other companies' trademarks is an ongoing strategy in Luxy Limited's promotion of its competing business. On the Apple App Store, Defendant has used variations of "Coffee Meets Bagel" to promote the LuxyApp as depicted below. Coffee Meets Bagel is a popular dating app and trademark of Coffee Meets Bagel, Inc:



42.     Furthermore, Luxy Limited has ensured that the phrases contained in the Trademarks (namely, "Seeking Arrangement," "SeekingArrangement.com," "Seeking," "Seeking.com" "Seeking Millionaire," "Whats Your Price," and "Carrot Dating,") when used as search terms in the Apple and/or the Google Play Store, yield the LuxyApp as a search result.  *See* **Exhibits 11-12**.  Luxy Limited did not have permission from Plaintiffs to use the Trademarks in that way.

43.     Defendant's unlawful use of SEEKING ARRANGEMENT and the other Trademarks as search term 'key words' is likely to deceive or confuse consumers into believing that an affiliation, association, sponsorship, or connection exists between Reflex's websites and mobile application and Defendant's LuxyApp.

### DEFENDANT LUXY'S COPYRIGHT VIOLATION

44.     Defendant has also violated Plaintiffs' copyrights by deliberately, shamelessly, and unlawfully copying Plaintiffs' Terms of Use and Privacy Policy.

45. Plaintiffs' website, www.SeekingArrangement.com, contains a Terms of Use ("SA Terms") to which its customers agree. *See* **Exhibit 13**.

46. The SA Terms' copyright registration was completed on January 9, 2019 as Registration Number TXu002120979. Clover8 owns the copyright to the SA Terms and Reflex Media owns an exclusive license to use the SA Terms.

47. Clover8 has a right to copyright protection and the SA Terms were first published in the United States.

48. The SA Terms are an original work of authorship fixed in a tangible medium of expression.

49. The SA Terms were created in 2018 and were originally titled Terms of Use.

50. The SA Terms contain a substantial amount of material created by the author's own skill, labor, and judgment to which Clover8 owns the rights to and Reflex Media owns the exclusive license to use.

51. The SA Terms are of a subject matter of work that is copyrightable under laws of the United States.

52. Clover8 has complied with the statutory formalities for registration of SA Terms as a copyrighted work in the United States.

53. On and after May 23, 2018, and even as recently as December 31, 2019, Defendant has infringed Plaintiffs' copyright to SA Terms by posting them on their website (the ***"Luxy Terms"***). *See* **Exhibit 14**.

54. The Luxy Terms are a slightly modified copy of the SA Terms. A redlined comparison of the respective Terms (the ***"Terms Comparison"***) is attached as **Exhibit 15**. The Terms Comparison reveals, beyond question, that the Luxy Terms are simply the SA Terms with slight modifications. Indeed, whole paragraphs of the Luxy Terms are identical to those of the SA Terms, but for the changing of names.

55. Plaintiffs' website, www.SeekingArrangement.com, also contains a Privacy Policy (the ***"SA Privacy Policy"***). *See* **Exhibit 16**.

56. The SA Privacy Policy's copyright registration was completed on January 9,

2019 as Registration Number TXu002120989. Clover8 owns the copyright to the SA Privacy Policy and Reflex Media owns an exclusive license to use the SA Privacy Policy.

57. Clover8 has a right to copyright protection and the SA Privacy Policy was first published in the United States.

58. The SA Privacy Policy are an original work of authorship fixed in a tangible medium of expression.

59. The SA Privacy Policy was created in 2018 and was originally titled Privacy Policy.

60. The SA Privacy Policy contains a substantial amount of material created by the author's own skill, labor, and judgment to which Clover8 owns the rights to and Reflex Media owns the exclusive license to use.

61. The SA Privacy Policy are of a subject matter of work that is copyrightable under laws of the United States.

62. Clover8 has complied with the statutory formalities for registration of SA Privacy Policy as a copyrighted work in the United States.

63. On and after May 23, 2018, and even as recently as December 3, 2019, Defendant has infringed Plaintiffs' copyright to SA Privacy Policy by posting them on their website.

64. The Luxy Website contains a virtually identical Privacy Policy (the **"Luxy Privacy Policy"**) that is likewise stolen and plagiarized from the SA Privacy Policy. *Compare* Luxy Privacy Policy at **Exhibit 17** *with* the SA Privacy Policy. A redlined comparison of the respective Terms (the **"Privacy Policy Comparison"**) is attached as **Exhibit 18**.

65. Defendant also uses Plaintiffs' SA trademark (an abbreviation for Seeking Arrangement) twice in the Luxy Privacy Policy to describe Luxy Limited's services. For example, Luxy Limited describes its services as "SA Services" in an attempt to cause consumers to perceive that Defendant's goods and services are the same as those of Plaintiffs' and/or that Defendant's goods and services are somehow associated, affiliated,

connected, approved, authorized, or sponsored by Plaintiffs or Seeking Arrangement.

## FIRST CAUSE OF ACTION

### (Trademark Infringement, 15 U.S.C. §§ 1114 and 1125(a))

66. Plaintiffs incorporate by reference each allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

67. Clover8 is the registered owner of the Trademarks.

68. Without consent from Clover8 or Reflex Media, Defendant has used in commerce, in connection with the sale, offering for sale, distribution or advertising of Defendant's goods and services, marks identical to or confusingly similar to the Trademarks in a manner that is likely to cause confusion, mistake and/or deception among consumers who may perceive that Defendant's goods and services are the same as those of Plaintiffs and/or that Defendant's goods and services are somehow associated, affiliated, connected, approved, authorized or sponsored by Plaintiffs or Seeking Arrangement. Thus, Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

69. Defendant acted with the intent to cause confusion, mistake, or deception with consumers when it used Plaintiffs Trademarks as metatags and disseminated the Luxy Privacy Policy using Plaintiff's trademark, SA, to describe its competing website, mobile application and dating services.

70. Defendant's continued use of counterfeit marks identical or confusingly similar to the Trademark has caused, and will continue to cause, irreparable harm and injury to Plaintiffs and to Plaintiffs' reputation and goodwill for which Plaintiffs have no adequate remedy at law. The threat of future injury to consumers and to Plaintiffs' intellectual property, business, identity, goodwill and reputation necessitates the award of injunctive relief to prevent Defendant's continued infringement of the Plaintiffs' valuable marks.

71. Defendant has unjustly profited from their infringement of the Trademarks.

72. As a direct and proximate result of Defendant's infringing activities as alleged

herein, Clover8 has suffered substantial damage in an amount to be proven at trial but estimated to exceed $75,000, exclusive of interest and costs.

73. Defendant's foregoing acts constitute an exceptional case and are intentional, entitling Clover8 to treble its actual damages and/or statutory damages and to an award of attorneys' fees.

## SECOND CAUSE OF ACTION

**(False Designations, False Advertising, and Unfair Competition, 15 U.S.C. § 1125(a))**

74. Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

75. Defendant's misuse of the Trademarks in commerce in connection with metatags and the Luxy Privacy Policy to describe its competing website, mobile application, and dating services constitutes a false designation of origin and deceives consumers into believing that Defendant's goods and services are associated, affiliated, connected, approved, authorized or sponsored by Reflex Media and its Seeking Arrangement business.

76. Defendant's conduct constitutes a false designation of origin and/or false or misleading advertisement that (1) is likely to cause confusion, mistake, or deception with the public and/or consumers as to the affiliation, connection, or association between Defendant and Seeking Arrangement; (2) is likely to cause confusion, mistake, or deception with the public and/or consumers as to the origin of Luxy; (3) is intended to misrepresent the nature, characteristics, and/or qualities of the goods and services offered by Defendant by usurping Reflex Media's Trademarks; and/or (4) is likely to cause confusion, mistake or deception with the public and/or consumers by misrepresenting—or creating the false impression—that Luxy is associated with Reflex Media and/or Seeking Arrangement.

77. Defendant has unjustly profited from their foregoing conduct.

78. As a direct and proximate result of Defendant's foregoing conduct, Plaintiffs have suffered damages in an amount to be proven at trial but estimated to exceed $75,000,

exclusive of interest and costs.

79.  Defendant's foregoing acts constitute an exceptional case and are intentional, entitling Plaintiffs to treble their actual damages and to an award of attorneys' fees.

### THIRD CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code, § 17200 *et seq.*)

80.  Plaintiffs incorporate by reference each allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

81.  Any conduct that is unlawful, unfair or deceptive constitutes a violation of the California Unfair Competition Law, Business and Professions Code § 17200 *et seq*.

82.  Defendant has falsely represented an affiliation, connection, and/or association between Defendant's Luxy business and Reflex's Seeking Arrangement business by using the Trademarks as metatags, and in the Luxy Privacy Policy to describe its competing website, mobile application, and dating services.

83.  Furthermore, Defendant's flagrant copying and theft of Seeking Arrangement's copyrighted Terms of Use and Privacy Policy has been unfair and deceptive in potentially causing customers to confuse the LuxyApp's operations and policies with those of Seeking Arrangement.

84.  Plaintiffs request that this Court enjoin Defendant from further engaging in consumer fraud by: a) using the Trademarks as search terms that will yield LuxyApp-related results, b) using any of Plaintiffs' Trademarks to describe Defendant's competing business and c) using a Terms of Use or Privacy Policy that are blatantly plagiarized from www.SeekingArrangement.com and/or www.Seeking.com.

### FOURTH CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 501)

85.  Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs of this complaint, as if fully set forth herein.

86.  Plaintiffs have registered copyrights for the SA Terms and SA Privacy Policy with the U.S. Copyright Office (hereinafter, **"Plaintiffs' Copyrights"** or **"Copyrights"**).

87. Plaintiffs therefore have reserved all rights in the SA Terms and the SA Privacy Policy.

88. Clover8 completed the copyright registration process for the Copyrights with the U.S. Copyright Office on January 9, 2019.

89. Clover8 has a right to copyright protection and the Copyrights were first published in the United States.

90. The Copyrights are original works of authorship fixed in a tangible medium of expression.

91. The Copyrights were created in 2018.

92. The Copyrights contain a substantial amount of material created by the author's own skill, labor, and judgment to which Clover8 owns the rights to and Reflex Media owns the exclusive license to use.

93. The Copyrights are of a subject matter of work that are copyrightable under laws of the United States.

94. Clover8 has complied with the statutory formalities for registration of the Copyrights as a copyrighted work in the United States.

95. On and after May 23, 2018, and even as recently as December 3, 2019, Defendant has infringed Plaintiffs' Copyrights by posting them on their website.

96. Defendant is engaging, and has engaged, in the unauthorized use and violation of the Plaintiffs' exclusive rights in the SA Terms and the SA Privacy Policy by flagrantly plagiarizing them for use as the Luxy Terms and Luxy Privacy Policy.

97. The Defendant, without the permission or consent from Plaintiffs, has used and continues to use the Plaintiffs' SA Terms and the SA Privacy Policy as the basis for their Luxy Terms and Luxy Privacy Policy. In doing so, Defendant has violated Plaintiffs' Copyrights.

98. The foregoing acts have been and are willful and intentional.

99. Defendant's conduct has caused and will continue to cause Plaintiffs irreparable injury that may not be fully compensated for with money, and for those

damages there is no adequate remedy at law. Plaintiffs also have a likelihood of success on the merits. Therefore, Plaintiffs are entitled to injunctive relief to enjoin further behavior as described in this complaint.

100. As a direct and proximate result of the infringement by Defendant of Plaintiffs' exclusive rights, Plaintiffs are entitled to actual damages, Defendant's profits pursuant to 17 U.S.C. § 504(b), costs, and attorney fees

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

101. Plaintiffs incorporate by reference each and every allegation set forth in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

102. The aforementioned acts of Defendant constitute unfair competition in violation of the common law of the State of California by infringing on Plaintiffs' Copyrights and attempting to misappropriate Plaintiffs' Trademarks and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public.

103. Based on information and belief, Defendant committed the acts alleged herein oppressively, fraudulently, maliciously and in conscious disregard of Plaintiffs' rights within the meaning of Cal. Civ. Code § 3294, Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the California common law in an amount sufficient to punish, deter, and make an example of Defendant.

104. Defendant's use of Plaintiffs' Copyrights and Trademarks is without permission, license or other authorization from Plaintiffs.

105. Plaintiffs have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined.

106. Defendant intends to continue its unfair and willfully infringing acts unless restrained by this Court.

107. Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. Adjudge that Clover8's Trademarks have been infringed by Defendant in violation of its rights under 15 U.S.C. §§ 1114 and 1125;

2. Adjudge that Defendant has competed unfairly with Plaintiffs in violation of their rights under 15 U.S.C. § 1125(a);

3. Adjudge that Defendant has engaged, and continue to engage, in unfair competition with Plaintiffs in violation of Cal. Bus. & Prof. Code § 17200 et seq. and California common law;

4. Adjudge that Defendant and each of its agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with them, and/or person(s) acting for, with, by through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

   a. Using the SA Terms of Use or SA Privacy Policy, for Luxy Terms and Luxy Privacy Policy, which are plagiarized from Seeking Arrangement; and

   b. Otherwise using the any of the Trademarks to promote any of Defendant's competing businesses.

5. Adjudge that Defendant, within thirty (30) days after service of the judgement demanded herein, be required to file with this Court and serve upon Plaintiffs' counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

6. Adjudge that Plaintiffs recover from Defendant their actual damages and lost profits in an amount to be determined at trial, but estimated to exceed $75,000, for Defendant's violation of 15 U.S.C. §§ 1114 and 1125; that Defendant be required to

account for any profits that are attributable to its illegal acts; and that Plaintiffs be awarded the greater of (a) three times Defendant's profits or (b) three times any damages sustained by Plaintiffs under 15 U.S.C. § 1117. Alternatively, Plaintiffs reserve the right to seek statutory damages as allowed by 15 U.S.C. §§ 1117 and 1125;

7. Adjudge that Plaintiffs recover from Defendant their actual damages and lost profits plus any additional profits of the Defendant, in an amount to be determined at trial, but estimated to exceed $75,000, for Defendant's violations of 17 U.S.C. § 501;

8. Adjudge that Plaintiffs be awarded punitive damages.

9. Adjudge that Plaintiffs be awarded their costs incurred in connection with this action, including its reasonable attorneys' fees and investigative expenses;

10. Adjudge that Plaintiffs be awarded pre- and post-judgment interest, as allowed by law;

11. Impose a constructive trust on all of Defendant's funds and assets that arise out of Defendant's infringing activities and unfair competition;

12. Adjudge that all such other relief be awarded to Plaintiffs as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial in this matter.

DATED: January 15, 2020

**SMITH WASHBURN, LLP**

By: /s/ Mark L. Smith
Mark L. Smith
*Attorneys for Plaintiffs*