UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings: **(IN CHAMBERS) Order Re: Plaintiffs' Motion to Dismiss Defendant's Counterclaims and to Strike Affirmative Defenses [DE 77]**

## I. INTRODUCTION

On April 28, 2021, Reflex Media, Inc. and Clover8 Investments (collectively, "Plaintiffs") filed a Second Amended Complaint ("SAC") against Luxy Limited ("Defendant"), alleging federal and state law claims for trademark and copyright infringement, as well as unfair competition. (*See* SAC, ECF No. 58.) Defendant moved to dismiss the SAC under Federal Rule of Civil Procedure ("Rule) 12(b)(6), which the Court denied on July 13, 2021. (Order re Def.'s Mot. Dismiss, ECF No. 70.) On July 27, 2021, Defendant filed an answer to the SAC, asserting nine counterclaims and numerous affirmative defenses. (Def.'s Answer, ECF No. 71.)

Presently before the Court is Plaintiffs' Motion to Dismiss seven of Defendant's nine counterclaims under Rule 12(b)(6), as well as a Motion to Strike eleven of Defendant's fifteen affirmative defenses. (ECF No. 77.) For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Dismiss, and **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Strike.

## II. FACTUAL BACKGROUND[1]

In support of its counterclaims, Defendant alleges the following:

Since 2014, Defendant has operated a dating platform for "wealthy, elite singles seeking relationships with other wealthy, elite singles" through its website OnLuxy.com. (Def.'s Answer at 14.)

---

[1] For purpose of the Motion to Dismiss, the Court accepts as true all factual allegations supporting Defendant's counterclaims. In deciding a Rule 12(b)(6) motion, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

Plaintiffs operate a different dating website called SeekingArrangement.com or Seeking.com, which helps facilitate relationships between "sugar babies" and "sugar daddies" or "sugar mamas." In these relationships, a "'sugar daddy [or mama]' provides money or valuable gifts to a 'sugar baby' in exchange for a 'mutually beneficial relationship.'" (Def.'s Answer at 15.) In or after April 2021, Plaintiffs started a new website called SeekingElite.com. Through this website, Plaintiffs now target the same consumers that Defendant targets: "wealthy, elite singles seeking relationships with other wealthy, elite singles." (Def.'s Answer at 16.)

Defendant is the holder of the registered trademark *Luxy*. (Def.'s Ex. A, ECF No. 71-1.) Plaintiffs have used "luxy" as a search keyword so that users who type "luxy" in an internet search engine are shown an advertisement for SeekingElite.com. (*See* Def.'s Ex. K.) The title of Plaintiffs' advertisement is "Luxury Dating Site – For Elite Relationships." (*Id.*) Defendant asserts that Plaintiffs included "Luxury" in the title to intentionally confuse consumers into believing that their website is associated with Defendant's website, OnLuxy.com. Defendant also asserts that Plaintiffs used the OnLuxy.com webpage as a model for their SeekingElite.com webpage and that the similarities between the two websites further confuse consumers. For instance, both webpages prominently display the phrase "Elite Dating" to describe their services. For this conduct, Defendant brings various counterclaims for trademark infringement and unfair competition.

Defendant also seeks cancellation of Plaintiffs' trademark registration numbers 4,836,358 and 5,580,039 ("Seeking"); 3,767,229 ("Seeking Millionaire"); 4,537,157 and 3,377,772 ("Seeking Arrangement"); 5,177,902 ("SA"); 5,357,872 ("SeekingArragement.com"); 5,580,788 ("Seeking.com"); and 4,155,033 ("What's Your Price"). Defendant asserts that these trademarks have become generic names for the services for which they are registered, and that Defendant will be harmed by their continued registration because Plaintiffs have sued Defendant for infringement.

### III.   JUDICIAL STANDARD

#### A.   12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the party alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A party need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabas, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**B.      12(f) Motion to Strike**

Under Rule 12(f), a court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) functions to avoid expenditures of time and money that arise from litigating spurious issues by dispensing with those issues before trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citations omitted). Generally, courts disfavor motions to strike. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). "In using its discretion, the court must view the pleadings in the light most favorable to the non-moving party." *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1051 (C.D. Cal. 2019) (citing *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).

**IV.    DISCUSSION**

**A.      12(b)(6) Motion to Dismiss**

Plaintiffs move to dismiss seven of Defendant's counterclaims[2]: (1) cancellation of Plaintiffs' trademark registration numbers; (2) trademark infringement in violation of 15 U.S.C. § 1114; (3) unfair competition in violation of 15 U.S.C. § 1125(a); (4) contributory trademark infringement; (5) vicarious trademark infringement; (6) trademark infringement in violation of California common law; and (7) unfair competition in violation of California Business and Professions Code § 17200. The Court addresses each category of claims in turn:

**1.      *Cancellation Claims***

A party may petition to cancel registration of a trademark "[a]t any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered . . . ."

---

[2] Plaintiffs have not moved to dismiss Defendant's declaratory judgment claims, so the Court does not consider them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

15 U.S.C. § 1064(3). A term becomes generic "when the public appropriates a trademark and uses it as a generic name for particular types of goods or services irrespective of its source." *Elliott v. Google, Inc.*, 860 F.3d 1151, 1156 (9th Cir. 2017) (citing "aspirin" and "escalator" as examples). Generic terms are not protectable as trademarks because they describe a class of goods and cannot be "distinguished from the goods of others." 15 U.S.C. § 1052; *see U.S. Pat. & Trademark Off. v. Booking.com B.V.*, 140 S. Ct. 2298, 2303–04 (2020). "A registered mark shall not be deemed to be the generic name of goods or services solely because such mark is also used as a name of or to identify a unique product or service." 15 U.S.C. § 1064(3). The inquiry is whether the "primary significance" of the term in the public mind has become the product, and no longer the producer. *See Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111, 118 (1938).

Defendant asserts that Plaintiffs' trademarks are generic because they are "synonymous" with the type of services for which they are registered. (Def.'s Answer at 29.) Specifically, Defendant claims that "Seeking" is synonymous with "dating"; "Seeking.com" is synonymous with "online dating services"; "Seeking Arrangement," "SA," and "SeekingArrangement.com" are synonymous with "online dating services for those seeking a monetary dating arrangement"; "Seeking Millionaire" is synonymous with "online dating services for those seeking millionaires"; and "What's Your Price" is synonymous with "online sugar baby dating services." (Def.'s Answer at 24–28.) The Court need not accept these legal conclusions as true. Defendant alleges only one fact to support its claim that the public equates "seeking" with "dating": that some users of a dating application called SugarDaddysMatch.com described that application as a platform for "seeking" or "seeking arrangements." (*See* Def.'s Ex. N.)

Defendant's allegations do not lead to a reasonable inference that Plaintiffs' trademarks have become generic. "Seeking," "Seeking Arrangement," "Seeking Millionaire," "SA," and "What's Your Price" describe the specific, unique services offered by Plaintiffs; they are distinguishable from other dating services. And Defendant's one factual assertion does not plausibly support the conclusion that "dating" is the "primary significance" of the term "seeking" in the public mind. Defendant alleges no facts, such as results of consumer surveys or dictionaries, that would lead to a different conclusion. *See Booking.com B.V.*, 140 S. Ct. at 2307, n.6.

Further, "Seeking.com" and "SeekingArrangement.com" have not become generic terms. "Whether any given 'generic.com' term is generic . . . depends on whether consumers in fact perceive that term as the name of a class, or, instead, as a term capable of distinguishing among members of the class." *Id.* at 2307. If the terms "Seeking Arrangements" and "Seeking" have not become generic, neither have the terms "SeekingArrangement.com" and "Seeking.com." Defendant's claim that they are indistinguishable from the name of their class—online dating services—is simply implausible.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

Because Defendant does not state a plausible claim for relief, the Court dismisses Defendant's cancellation claims.

    2.    *Federal Infringement Claims*

To prevail on a claim of direct trademark infringement, a party must establish that "it has a valid, protectable mark" and that the other party's "use of the mark is likely to cause consumer confusion." *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Courts consider the following factors to determine the likelihood of causing consumer confusion: (1) strength of the mark; (2) proximity of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) intent; and (8) likelihood of expansion. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011). These factors are "illustrative rather than exhaustive, and best understood as simply providing helpful guideposts." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1030 (9th Cir. 2010). When a trademark is used as a search keyword, the "likelihood of confusion will ultimately turn on what the consumer saw on the screen and reasonably believed, given the context." *Network Automation, Inc.*, 638 F.3d at 1153.

According to Defendant, when a consumer searches "luxy" in the Google.com search engine, the following advertisements and results appear:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

(Def.'s Ex. K.) Plaintiffs' SeekingElite.com advertisement is listed among three other advertisements for pool floats, hair extensions, and airport transportation services, which each contain the word "Luxy." Plaintiffs' advertisement does not contain the word "Luxy" or appear to cause any more confusion than the other three advertisements. Even so, Defendant alleges that the title of Plaintiffs' advertisement—"Luxury Dating Site – For Elite Relationships"—causes confusion because SeekingElite.com and OnLuxy.com offer the same services and because the word "Luxury" is similar to Defendant's trademark. However, the word "Luxury" and Defendant's trademark are not alike. Not only do the marks sound different and have different meanings, but they also look different. "Luxury" is written in regular typeface whereas Defendant's trademark is the word "Luxy" in a stylized font:

*Luxy*

(*See* Def.'s Ex. A.) "Where the two marks are entirely dissimilar, there is no likelihood of confusion." *Brookfield Commc'n, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999).

Additionally, the dissimilarity between the marks suggests that Plaintiffs did not intend to deceive the public by incorporating the word "Luxury" into the title of their advertisement. Also, Defendant does not allege facts that show actual confusion among consumers. In fact, the consumers that Defendant and Plaintiffs target are "wealthy, elite singles," who are presumably sophisticated and therefore less likely to be confused by Plaintiffs' advertisement. *See Brookfield Commc'n, Inc.*, 174 F.3d at 1060. Also, "[c]onsumers who use the internet for shopping are generally quite sophisticated about such matters . . . ." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1178 (9th Cir. 2010). The only factor that weighs in Defendant's favor is the proximity of the services. Defendant and Plaintiffs now offer comparable, competing services; however, this factor does not outweigh the others.

In sum, Defendant fails to state a claim for relief because its allegations do not support a reasonable inference that Plaintiffs' use of the word "luxy" as a keyword search term is likely to cause consumer confusion. As such, Defendant's claim for federal trademark infringement is dismissed.

Defendant also asserts claims for secondary liability, including contributory and vicarious trademark infringement. These claims each require a showing of some underlying direct infringement. *See Perfect 10, Inc. v. Visa Intern. Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007). Because Defendant fails to state a claim for direct infringement, its claims for contributory and vicarious trademark infringement also fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

Finally, Defendant alleges a separate claim for unfair competition in violation of 15 U.S.C. § 1125(a). However, the "'ultimate test' for unfair competition is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.'" *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting *New West Corp. v. NYM Co. of California*, 595 F.2d 1194. 1201 (9th Cir. 1979)). Accordingly, Defendant's unfair competition claim is dismissed for failure to sufficiently allege likelihood of confusion.

        3.    <u>*State Infringement Claims*</u>

"[F]ederal and state laws regarding trademarks and related claims of unfair competition are substantially congruent." *Int'l Ord. of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 916 (9th Cir. 1980). Defendant's state law claims rely on the same allegations supporting the federal law claims. Because the Court has found that these allegations do not plausibly state a claim for relief, Defendant's state law claims are also dismissed.

    **C.**    <u>**12(f) Motion to Strike**</u>

Plaintiffs argue that the pleading standard described in *Twombly* and *Iqbal* guides a court's determination to strike affirmative defenses. However, this Court has found that the *Twombly/ Iqbal* pleading standard does not apply to affirmative defenses. *See, e.g., TSX Toys, Inc. v. 665, Inc.*, No. 14-02400-RGK, 2015 WL 12746211, at *6 (C.D. Cal Sept. 23, 2015). Rule 8(c) simply requires that a party responding to a pleading "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Generally, fair notice requires the party to state the nature and grounds for the affirmative defense. *TSX Toys, Inc.*, 2015 WL 127462, at *6.

Plaintiffs move to strike eleven of Defendant's fifteen affirmative defenses: (1) first (failure to state a claim); (2) second (failure to mitigate); (3) third (unclean hands); (4) fourth (laches); (5) fifth (acquiescence); (6) sixth (equitable estoppel); (7) tenth (merger); (8) eleventh (doctrine of scenes-a-faire); (9) twelfth (copyright misuse); (10) fourteenth (lack of personal jurisdiction); (11) fifteenth (statute of limitations). The Court finds that most of these affirmative defenses are boilerplate recitals that are pleaded so generally that they do not give Plaintiffs fair notice of their grounds. For instance, Defendant merely asserts that Plaintiffs' claims are "barred in whole or in part based on the doctrine of Unclean Hands," "Laches," "Equitable Estoppel," "the doctrine of merger," "the doctrine of Scenes-A-Faire," and "the applicable statute of limitations." (Def.'s Answer at 10–11.) Defendant's assertions lack any factual support to give Plaintiffs sufficiently fair notice. As such, the Court strikes Defendant's third through eighth and eleventh affirmative defenses. Additionally, the Court strikes Defendant's first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00423-RGK-KS | Date | October 3, 2021 |
|---|---|---|---|
| Title | *Reflex Media, Inc. et al v. Luxy Ltd.* | | |

affirmative defense (failure to state a claim) and fourteenth affirmative defense (lack of personal jurisdiction) as redundant because the Court has already denied Defendant's Motions to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim. (*See* Orders re Mot. Dismiss, ECF Nos. 41, 70.)

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Dismiss Defendant's counterclaims, and **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Strike Affirmative Defenses.[3] Defendant's first and fourth through ninth counterclaims are dismissed, and Defendant's first, third through eighth, eleventh, and fourteenth affirmative defenses are stricken. Only Defendant's second and third counterclaims, and second and ninth affirmative defenses remain.

**IT IS SO ORDERED.**

_____ : _____

---

[3] Plaintiffs request that the Court take judicial notice of various exhibits in support of their Motions. (ECF Nos. 78, 87.) Because the Court does not rely on any of these exhibits in reaching its decision, the Plaintiffs' requests for judicial notice are **denied as moot**.